IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>  Plaintiff,<br><br>  vs.<br><br>VAL KANEHAILUA, *et al.*,<br><br>  Defendants. | CIVIL NO. 21-00074 DKW-WRP<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is pro se Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 2, and his Motion for Appointment of Counsel ("Motion"). ECF No. 3. Scaperotta is currently incarcerated at the Kauai Community Correctional Center. For the following reasons, the IFP Application is GRANTED, and the Motion is DENIED.

## I. **IFP APPLICATION**

Scaperotta qualifies as a pauper, and his IFP Application is GRANTED. *See* 28 U.S.C. § 1915(a)(1). Scaperotta is obligated to pay the full filing fee regardless of the outcome of this suit. *See* 28 U.S.C. §§ 1915(b)(1) & (e)(2). Scaperotta shall pay an initial partial filing fee of 20% of the greater of: (1) the average monthly

deposits to his account; or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, Scaperotta shall make monthly payments equaling 20% of the preceding month's income credited to his account, when the amount in his account exceeds $10.00, until the $350.00 civil filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. MOTION FOR APPOINTMENT OF COUNSEL

Scaperotta also moves the Court to appoint counsel. *See* ECF No. 3. There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). A court may request, but cannot compel, counsel to appear *pro bono* on a plaintiff's behalf. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). The Court's discretion to appoint *pro bono* counsel is governed by several factors, including a plaintiff's likelihood of success on the merits and ability to articulate the claims in light of their complexity. A plaintiff must also show "exceptional circumstances" that support the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Scaperotta seeks appointment of counsel because he is "educationally handicapped," "mentally handicapped," and "on Social Security disability." ECF No. 3. Scaperotta does not explain his alleged conditions. Nor does he say why

counsel should be appointed because of them. Scaperotta can read and write and is able to coherently articulate his claims.

All pro se prisoners' ability to litigate a case is hampered to some extent by their indigency and incarceration. A cursory review of Scaperotta's claims does not reveal that they are particularly complex or show exceptional circumstances supporting the appointment of counsel. Importantly, the Court has not screened Scaperotta's Complaint to determine whether it states a plausible claim for relief against the named Defendants and should be served. Until then, it is impossible to determine Scaperotta's likelihood of success on the merits of his claims or whether there are exceptional circumstances that justify the appointment of counsel here. *Terrell*, 935 F.2d at 1017.

Scaperotta's Motion to Appoint Counsel is DENIED without prejudice to his refiling another request after his Complaint has been screened, served, and Defendants have filed an Answer or other response.

IT IS HEREBY ORDERED that:

(1) The Hawaii Department of Public Safety or its designee the Warden of the Kauai Community Correctional Center ("KCCC"), shall calculate, collect, and remit to the Clerk of Court an initial partial payment equaling 20% of Scaperotta's average monthly balance or average monthly deposits to his account, whichever is

greater. Thereafter, the Warden or designee shall collect monthly payments equaling 20% of Scaperotta's preceding month's income when the account exceeds $10.00, until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). These payments must be identified by the name and number assigned to this action.

(2) The Clerk SHALL serve a copy of this order on Scaperotta, the KCCC Warden and Financial Office, Laurie Nadamoto, Esq., and Shelley Nobriga Harrington, Esq., Department of Public Safety Litigation Coordinators, and submit a copy of this order to the District of Hawaii's Financial Department.

(3) Scaperotta's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

DATED: February 8, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Christopher Jay Scaperotta v. Val Kanehailua, et al.*; Civ. No. 21-00074 DKW-WRP; **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**