IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, <br><br> Plaintiff, <br><br> vs. <br><br> VAL KANEHAILUA, *et al.*, <br><br> Defendants. | CIVIL NO. 21-00074 DKW-WRP <br><br> ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta")

prisoner civil rights complaint ("Complaint") brought pursuant to 42 U.S.C.

§ 1983.[1]  ECF No. 1.  Scaperotta alleges that Defendants[2] violated his civil rights

---

[1]This is one of eighteen actions that Scaperotta has filed in this court since December 2020.  *See Scaperotta v. Kauai Police Dep't*, No. 20-00542 LEK-KJM (D. Haw.); *Scaperotta v. Rhue*, No. 20-00544 DKW-KJM (D. Haw.); *Scaperotta v. State of Vermont*, No. 20-00545 JMS-RT (D. Haw.); *Scaperotta v. Kauai Police Dep't*, No. 20-00546 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00548 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00549 JMS-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 20-00550 JMS-RT (D. Haw.); *Scaperotta v. Wagatsuma*, No. 20-00551 JAO-RT (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, No. 21-00061 JMS-RT (D. Haw.); *Scaperotta v. Sequeira*, No. 21-00069 JMS-KJM (D. Haw.); *Scaperotta v. Haw. U.S. Dist. Ct.*, No. 21-00073 HG-RT (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, No. 21-00075 SOM-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 21-00085 DKW-RT (D. Haw.); *Scaperotta v. Wagatsuma*, 21-00097 HG-KJM (D. Haw.); *Scaperotta v. Colobong*, No. 21-00102 JMS-WRP (D. Haw.); *Scaperotta v. Charles*, 21-00107 DKW-KJM (D. Haw.); *Scaperotta v. Viohle*, No. 21-00108 HG-KJM (D. Haw.).

[2]Scaperotta names in their official capacities Case Manager Val Kanehailua, the Department of Public Safety ("DPS"), and the Oahu Community Correctional Center ("OCCC"). ECF No. 1 at PageID ## 1–2.

during his incarceration at the Oahu Community Correctional Center ("OCCC").[3]

For the following reasons, the Complaint is DISMISSED with partial leave to

amend.

## I.  SCREENING

The Court is required to screen all in forma pauperis pleadings pursuant to

28 U.S.C. § 1915(e)(2).  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)

(en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just

those filed by prisoners.").  Claims or complaints that are frivolous, malicious, fail

to state a claim for relief, or seek damages from defendants who are immune from

suit must be dismissed.  *See id.* at 1126–27; *Rhodes v. Robinson*, 621 F.3d 1002,

1004 (9th Cir. 2010).

Dismissal of a complaint for failure to state a claim on which relief may be

granted under 28 U.S.C. § 1915(e)(2)(B)(ii) involves the same standard as that

used under Federal Rule of Civil Procedure 12(b)(6).  *See Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff

has failed to state a claim upon which relief can be granted under

§ 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim.").  Under this standard, a complaint must

"contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3]Scaperotta is currently out of custody and on probation.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks and citation omitted).  A claim is "plausible" when the facts

alleged support a reasonable inference that the plaintiff is entitled to relief from a

specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a

complaint; Rule 8 "requires only 'a short and plain statement of the claim showing

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation

omitted).  The "mere possibility of misconduct," or an "unadorned, the

defendant-unlawfully-harmed-me accusation" falls short of meeting this

plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S.*

*Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should

be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

(citations omitted).  The Court must grant leave to amend if it appears the plaintiff

can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a

claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See*

*Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  <u>SCAPEROTTA'S CLAIMS</u>[4]

Scaperotta alleges in Count I that Case Manager Kanehailua did not help

him locate a check that had been mailed to the Kauai Community Correctional

Center ("KCCC") before Scaperotta was transferred to the OCCC.  ECF No. 1 at

PageID # 5.

Scaperotta alleges in Count II that Kanehailua interfered with his efforts to

submit an in forma pauperis application.  *Id.* at PageID # 6.  He also claims that

unidentified prison officials interfered with his access to the law library.  *Id.*

Scaperotta alleges in Count III that Kanehailua "charged" at him with closed

fists and while screaming on December 24, 2020.  *Id.* at PageID # 7.  Scaperotta

claims that Kanehailua appeared as though he was going to "kill/attack" him.  *Id.*

Scaperotta further claims that his interactions with Kanehailua are "threatening"

and "nerve wracking."  *Id.*

---

[4]Scaperotta's factual allegations are accepted as true for purposes of screening.  *See
Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Scaperotta alleges in Count IV that Kanehailua retaliated against him.  *Id.* at

PageID # 8.  Scaperotta again cites the December 24, 2020 incident, when

Kanehailua allegedly "scream[ed]" at him.  *Id.*

Scaperotta alleges in Count V that Kanehailua did not help him obtain his

personal effects from the KCCC following Scaperotta's transfer to the OCCC.  *Id.*

at PageID # 9.

Scaperotta alleges in Count VI that unidentified prison officials at the OCCC

did not provide an accessible toilet or shower, forced him to sleep on the floor, did

not "honor[]" his "medical request memos," and did not provide "ADA assistance

to [the] law library."  *Id.* at PageID # 10.

Scaperotta alleges in Count VII that he should not have been transferred

from the KCCC to the OCCC.  *Id.* at PageID # 11.

Scaperotta seeks $700 million in compensatory damages, $100 million in

"nominal damages," $100 million in punitive damages, $127.5 million in "personal

injury damages," and unspecified injunctive relief.  *Id.* at PageID # 12.  He also

asks for an "out of court settlement."  *Id.*

### III.  DISCUSSION

**A.    Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.    Eleventh Amendment Immunity**

Scaperotta names as Defendants the DPS, the OCCC, and Kanehailua in his official capacity.  ECF No. 1 at PageID ## 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the DPS and the OCCC are barred by the Eleventh Amendment and DISMISSED with prejudice. *See Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

To the extent Scaperotta seeks damages from Kanehailua in his official capacity, those claims are also barred by the Eleventh Amendment and

DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th

Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state

official acting in his or her official capacity.").

Scaperotta may file an amended pleading that names a proper defendant or

defendants.  To the extent Scaperotta seeks damages, he must name in his or her

individual capacity a defendant or defendants who allegedly deprived him of rights

secured by the Constitution or federal statutes.[5]  *See id.*, 818 F.3d at 442

(explaining that the Eleventh Amendment does not "bar claims for damages

against state officials in their personal capacities").

## C.    Duplicative Claims

The court may dismiss a complaint or individual claims when the complaint

or claims are duplicative of claims brought in another case.  *See Cato v. United

States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding there is no abuse of

discretion in dismissing action as frivolous when a complaint "merely repeats

pending or previously litigated claims" (internal quotation marks and citation

---

[5]Although "courts have recognized an exception to the Eleventh Amendment bar for suits
for prospective declaratory and injunctive relief against state officers, sued in their official
capacities, to enjoin an alleged ongoing violation of federal law," *Agua Caliente Band of
Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000), Scaperotta does not allege that
he is seeking to enjoin an ongoing violation of federal law.  Indeed, while Scaperotta refers to
"injunctive relief" in his prayer for relief, he does not specify what injunctive relief he seeks.
Nor does he tie any such relief to an ongoing violation of federal law.  Moreover, as noted above,
Scaperotta has now been released from custody, rendering it at least implausible that any
violation of his rights is ongoing.

omitted)); *see also Bailey v. Johnson*, 846 F.2d 1019, 1020–21 (5th Cir. 1988)

("[W]e have dismissed an appeal as frivolous because it involved a duplicative

action arising from the same series of events and alleging many of the same facts

as an earlier suit[.]"); *Aziz v. Burrows*, 97 F.2d 1158, 1158–59 (8th Cir. 1992)

(concluding that district courts may dismiss duplicative complaints even where

they involve different defendants).

As noted, *supra*, Scaperotta has filed eighteen actions in this court since

December 2020.  In one of those actions, Scaperotta is already complaining that

prison officials forced him to sleep on the floor, denied him access to a toilet and

shower, and did not provide him with reasonable accommodations.  *See*

Complaint, *Scaperotta v. Wagatsuma*, No. 20-00551 JAO-RT (D. Haw. Dec. 11,

2020), ECF No. 1 at PageID # 48.  Likewise, he complains in No. 20-00551

JAO-RT that prison officials refused to forward a check that was mailed to the

KCCC.  *Id.* at PageID # 49.

Here, in Count I, Scaperotta also alleges that Kanehailua did not help him

locate the check that was mailed to the KCCC.  ECF No. at PageID # 5.  And he

again alleges in Count VI that unidentified prison officials forced him to sleep on

the floor, denied him access to a toilet and shower, and did not provide him with

reasonable accommodations.  *Id.* at PageID # 10.  The claims in Count I and Count

VI therefore arise from the same events as those in No. 20-00551 JAO-RT.  The

duplicative claims in Count I and Count VI are DISMISSED without prejudice, with the proviso that they must be raised, if at all, in No. 20-00551 JAO-RT.

## IV.  NOTICES

To allow Scaperotta to decide whether to file an amended pleading or voluntarily dismiss some of his claims, the Court provides the following legal standards.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." (internal quotation marks and citation omitted)).

### A.  First Amendment

Scaperotta alleges in Count II that Kanehailua denied him access to the courts,[6] ECF No. 1 at PageID # 6, and in Count IV that Kanehailua retaliated against him, *id.* at PageID # 8.

#### 1.  Access to the Courts

"The First Amendment guarantees a prisoner . . . a right of meaningful access to the courts."  *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015).  Claims for the denial of access to the courts may arise from the hindrance of "a

---

[6] Scaperotta cites the Sixth Amendment in Count II.  ECF No. 1 at PageID # 6.  The Sixth Amendment guarantees certain rights to criminal defendants, and it has no apparent relevance here.

litigating opportunity yet to be gained" or from the loss of a suit that cannot now be tried." *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  As a threshold requirement to an access to the courts claim, a plaintiff must allege an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (internal quotation marks and citation omitted).  Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

### 2. Retaliation

The five basic elements of a viable First Amendment retaliation claim in the prison context requires:  (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

### B. Eighth Amendment

Scaperotta alleges in Count III that Kanehailua used excessive force, ECF No. 1 at PageID # 7, and in Count V that his conditions of confinement violated the Eighth Amendment, *id*. at PageID # 9.

### 1. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An excessive force claim includes a subjective component and an objective component. "[T]he subjective inquiry for excessive force claims turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (internal quotation marks and citation omitted). Regarding the objective component, the following five factors bear on that inquiry: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id.* at 1141. "[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

### 2. Conditions of Confinement

The Eighth Amendment imposes duties on prison officials, "who must provide humane conditions of confinement[.]" *Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment only when two requirements are met.

The Fourteenth Amendment says that a State shall not "deprive any person of life, liberty, or property without due process of law[.]"  U.S. Const. amend. XIV, § 1.  The procedural guarantees of the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is a stake.  *See Ingraham v. Wright*, 430 U.S. 651, 673 (1977) ("Due process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment.").  The Supreme Court has concluded that the Due Process Clause does not "in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.").  Thus, "[u]nless there is some guarantee that transfer will not be effected except for misbehavior or some other specified reason, due process protections cannot apply."  *Id.*

## V.  **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave to amend.  Scaperotta may file an amended complaint on or before March 26, 2021 that names a proper defendant and attempts to cure the deficiencies in his claims.  Scaperotta may not

expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint.  Claims that do not properly relate to his original pleading are subject to dismissal.

Scaperotta must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).  If Scaperotta fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[8]

---

[8]Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## VI.  CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. § 1915(e)(2).

(2)  Scaperotta's claims against the Department of Public Safety, the Oahu Community Correctional Center, and Kanehailua in his official capacity are DISMISSED with prejudice.

(3)  Scaperotta' claims in Count I and Count VI are dismissed herein and must be raised, if at all, in No. 20-551 JAO-RT.

(4)  Scaperotta may file an amended pleading that attempts to cure the deficiencies in his claims on or before March 26, 2021.

(5)  The Clerk is directed to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his Complaint.

//

//

//

//

//

---

28 U.S.C. § 1915(g).

16

(6)  If Scaperotta fails to timely file an amended complaint that cures the

deficiencies in his claims, this action may be AUTOMATICALLY DISMISSED

without further notice, and that dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).

IT IS SO ORDERED.

DATED: March 15, 2021 at Honolulu, Hawaii.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Christopher Jay Scaperotta v. Val Kanehailua, et al.*; Civil No. 21-00074
DKW-WRP; **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE
TO AMEND**